J. S45024/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| VICTOR YOUNG, | : | |
| | : | |
| Appellant | : | |
| | : | No. 1730 WDA 2015 |

Appeal from the PCRA Order October 2, 2015
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0001698-2006

BEFORE: OLSON, DUBOW AND PLATT, JJ.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED AUGUST 11, 2016**

Appellant, Victor Young, appeals *pro se* from the October 2, 2015 Order entered in the Court of Common Pleas of Erie County dismissing Appellant's *pro se* Post Conviction Relief Act (PCRA) Petition as untimely. 42 Pa.C.S. §§9541-9546. We affirm.

On April 3, 2007, Appellant pled guilty but mentally ill to Rape and Involuntary Deviate Sexual Intercourse.[1] On August 1, 2007, the court sentenced Appellant to an aggregate term of 17 to 34 years' incarceration. On August 10, 2007, Appellant filed a Motion to Modify or Reconsider Sentence, which the sentencing court denied on the same day. Appellant

---

[*] Retired Senior Judge Assigned to the Superior Court.

[1] 18 Pa.C.S. § 3121(a)(2); 18 Pa.C.S. § 3123(a)(2), respectively.

did not file an appeal, thus his sentence became final on September 10, 2007, after the period to file a direct appeal expired.[2]   42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903.

More than seven years later, on July 23, 2015, Appellant filed the instant PCRA Petition, his fourth.  On September 8, 2015, the PRCA court issued a Notice of Intent to Dismiss Without a Hearing Pursuant to PA.R.Crim.P. 907.  On September 25, 2015, Appellant filed an Objection to Intent to Dismiss Post Conviction Relief Act Pursuant to Pa.R.Crim.Proc. Rule 907. On October 2, 2015, the PCRA court issued an order dismissing Appellant's PCRA Petition as untimely.  Order, 10/2/15.  Appellant timely appealed; Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises the following issues on appeal:

1. Did the [PCRA] [c]ourt err in denying the [PCRA] Petition without a hearing by misapprehending the retrospective application in **Commonwealth v. Hopkins**, 117 A3d 247 (2015) when it's paradigm, **Alleyne v. United States**, 133 S.Ct. 2151 (2013) created a "substantive rule," which "the Constitution requires State Collateral Review Courts to give retroactive effect to that rule?"

2. Did the [PCRA] Court err in denying the [PCRA] Petition without a hearing when [Appellant] contends that through the Court's inherent power, the [PCRA] [c]ourt always retains jurisdiction to correct his patently unconstitutional, and therefore illegal sentence?

---

[2] The period for direct appeal expired on Sunday, September 9, 2007. However, "[w]henever the last day of any such period shall fall on Saturday or Sunday . . . such day shall be omitted from the computation."  1 Pa.C.S. § 1908.

3. Did the [PCRA] [c]ourt err in denying the [PCRA] Petition without a hearing when [Appellant] filed the instant [PCRA] Petition timely by filing within sixty (60) days of learning of the Supreme Court of Pennsylvania's decision in *Commonwealth v. Hopkins*, 117 A.3d 247 (2015)?

Appellant's Brief at 4 (reordered for ease of disposition).

In the instant case, our standard of review is well settled:

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

*Commonwealth v. Ruiz*, 131 A.3d 54, 57 (Pa. Super. 2015) (quotation and citation omitted).

A petitioner must file a PCRA petition, including a second or subsequent petition, within one year of the date that the judgment becomes final. 42 Pa.C.S. § 9545(b)(1). "If a petition is not filed within the one-year time frame, the courts lack jurisdiction to grant relief unless the petitioner can plead and prove that one of the three statutorily-enumerated exceptions to the time-bar applies." *Commonwealth v. Fowler*, 930 A.2d 586, 591 (Pa. Super. 2007).

These exceptions include interference by government official, newly discovered evidence, and the assertion of a newly recognized constitutional right. 42 Pa.C.S. § 9545(b)(1)(i)-(iii). A petition invoking one or more of these exceptions must be filed within sixty days of the date the claim first could have been presented. 42 Pa.C.S. § 9545(b)(2).

In this case, Appellant had to file a PCRA Petition on or before September 10, 2008, or within one year of his sentence becoming final, for it to be timely. 42 Pa.C.S. § 9545(b)(1). Instead, Appellant filed the instant PCRA Petition on July 23, 2015, almost seven years after his sentence became final. Therefore, the PCRA Petition was patently untimely. ***Id.***

In Appellant's first two issues on appeal, he argues that the trial court incorrectly dismissed his PCRA petition as untimely because an exception to the time-bar exists, namely a newly recognized constitutional right. ***See*** 42 Pa.C.S. § 9545(b)(1)(iii). In response, the PCRA court opines:

> Petitioner attempts to establish an exception under § 9545 by claiming that pursuant to ***Alleyne v. United States***, 133 S.Ct. 2151 (2013), ***Commonwealth v. Hopkins***, 2015 Pa. LEXIS 1282 (Pa. June 15, 2015), and ***Commonwealth v. Wolfe***, 106 A.3d 800 (Pa. Super. 2014) he was subject to an illegal mandatory minimum sentence. However, ***Alleyne*** does not apply retroactively to cases in which judgment of sentence has become final. ***Commonwealth v. Miller***, 102 A.3d 988, 995 (Pa. Super. 2014). Furthermore, ***Hopkins*** and ***Wolfe*** are factually and legally distinguishable from the case at bar, and similar to ***Alleyne***, do not apply retroactively to cases in which judgment of sentence has become final. Petitioners PCRA [P]etition is untimely, and he has failed to demonstrate a timeliness exception. Accordingly, this Court has no jurisdiction to address his claims.

Notice of Intent to Dismiss Without a Hearing Pursuant to Pa.R.Crim.P. 907, filed 9/8/15, at 3 (footnote omitted). We agree.

The Pennsylvania Supreme Court recently addressed this very issue, and held unequivocally that "***Alleyne*** does not apply retroactively to cases pending on collateral review." ***Commonwealth v. Washington***, No. 37

EAP 2015, 2016 WL 3909088, at *8 (Pa. July 19, 2016). Accordingly, the PCRA court was correct in determining that Appellant failed to satisfy the new constitutional right exception to the time-bar. We find no error.

Appellant's third argument asserts that his PCRA Petition was timely because he filed it within sixty days of learning about a new judicial decision, and that an exception exists pursuant to Section 9545(b)(1)(ii), a newly discovered fact. *See* 42 Pa.C.S. §9545(b)(1)(ii). However, this Court has "expressly rejected the notion that judicial decisions can be considered newly-discovered facts which would invoke the protections afforded by section 9545(b)(1)(ii)." *Commonwealth v. Cintora*, 69 A.3d 759, 763 (Pa. Super. 2013); see also *Commonwealth v. Watts*, 23 A.3d 980, 987 (Pa. 2011) ("[W]e hold that subsequent decisional law does not amount to a new 'fact' under section 9545(b)(1)(ii) of the PCRA"). Accordingly, Appellant's claim is without merit.

The trial court did not err when it determined that Appellant's PCRA petition was patently untimely and that no exceptions to the time-bar exist.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/11/2016